# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## CHARLESTON DIVISION

| | |
|---|---|
| Kristopher W. Berry, | ) |
|     Plaintiff, | ) No. 2:13-cv-2379-RMG |
| vs. | ) **ORDER** |
| Warden Willie Eagleton; Nurse Brown; Lt. Brayboy; Michelle Fox; and Lt. Martin, | ) |
|     Defendants. | ) |

This matter comes before the Court on the Report and Recommendation (R & R) of the Magistrate Judge (Dkt. No. 38), recommending that Defendants' Motion for Summary Judgment be granted and Plaintiff's Motion for Summary Judgment be denied. No party has filed objections to the R & R. For the reasons stated below, the Court **ADOPTS** the R & R in full. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 29) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Dkt. No. 18) is **DENIED**.

## Legal Standard

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court is charged with making a *de novo* determination of those portions of the R & R or specified proposed findings or recommendations to which objection is made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting 28 U.S.C.

§ 636(b)(1)); *accord* Fed. R. Civ. P. 72(b). Here, however, because no specific objection has been made, this Court "must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Id.* (quoting Fed. R. Civ. P 72 advisory committee note). Moreover, in the absence of specific objections to the R & R, the Court need not give any explanation for adopting the Magistrate Judge's analysis and recommendation. *See Camby v. Davis*, 718 F.2d 198, 199-200 (4th Cir. 1983).

## Discussion

The Court has carefully reviewed the pleadings, the parties' briefing, and the R & R, and concludes that the Magistrate Judge correctly applied the relevant law to the operative facts in this matter. Plaintiff does not appear to dispute that Defendants Martin and Brown were not properly served and appears to agree with dismissal of his claims against these two defendants without prejudice. (*See* Dkt. No. 32 at 1). Thus, the Court adopts the R&R and dismisses the claims against these defendants without prejudice.

The Court also agrees with the Magistrate Judge that, while there is an issue of fact as to whether Plaintiff exhausted his administrative remedies, his Section 1983 claims against the remaining defendants fail on the merits. Plaintiff complains about his placement in SMU. However, a change in condition of confinement will implicate a liberty interest only where it "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484 (1995). In determining whether this standard has been met, courts also consider the length of time that an inmate is exposed to the changed conditions. *See Beverati v. Smith*, 120 F.3d 500, 504 (4th Cir. 1997) ("[A]lthough the conditions were more burdensome than those imposed on the general prison population, they were not so

atypical that exposure to them for six months imposed a significant hardship in relation to the ordinary incidents of prison life."). Plaintiff has not presented evidence that the conditions of his confinement in SMU were so atypical that exposure to them for 47 days imposed a significant hardship in relation to the ordinary incidents of prison life. The Court also agrees that Plaintiff has no constitutionally protected liberty interest in an opportunity to earn good time credits. *E.g., Holmes v. Cooper*, 872 F. Supp. 298, 302 (W.D. Va. 1995).

With regard to Plaintiff's retaliation claim, the Court agrees that Plaintiff has failed to put forward evidence that his exercise of a constitutionally protected right was a substantial motivating factor for his placement in SMU or for the delay in receiving his medication. Plaintiff must provide more than "his bare assertion" or speculation that an act was retaliatory. *Adams v. Rice*, 40 F.3d 72, 74 (4th Cir. 1994).

Finally, Plaintiff's claims regarding how various officials responded to allegations that he had been raped are largely based his allegations that officials violated the Prison Rape Elimination Act (PREA) and SCDC policy. However, PREA does not grant prisoners specific rights and cannot be the basis of a Section 1983 claim. *De'lonta v. Clarke*, No. 7:11–cv–00483, 2013 WL 209489 at *3 (W.D. Va. Jan. 14, 2013). It is also well-settled that a violation of prison policy does not, in and of itself, amount to a constitutional violation. *See, e.g., Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C.1992).

Plaintiff also claims that Defendant Fox's actions constituted "gross neglect" because she only saw Plaintiff three times in response to his allegations of rape and was required to see Plaintiff more than three times under SCDC policy. (Dkt. No. 32 at 7-8). The Court agrees that, at most, Plaintiff has demonstrated negligence in his mental health treatment but has not put forward evidence that Fox was deliberately indifferent to Plaintiff's serious medical needs. The

Court also agrees that while summary judgment is appropriate, Plaintiff's claims are not "frivolous" such as to be counted as a strike under the PLRA.

## Conclusion

For the reasons stated above, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation (Dkt. No. 38) as the order of this Court. Accordingly, Defendants' Motion for Summary Judgment (Dkt. No. 29) is **GRANTED**, and Plaintiff's Motion for Summary Judgment (Dkt. No. 18) is **DENIED**. The claims against Defendants Martin and Brown are **DISMISSED WITHOUT PREJUDICE**, and the Section 1983 claims against Defendants Eagleton, Brayboy, and Fox are **DISMISSED WITH PREJUDICE**. To the extent Plaintiff has alleged state law causes of action, the Court declines to exercise supplemental jurisdiction over these claims under 28 U.S.C. § 1367(c)(3), and they are **DISMISSED WITHOUT PREJUDICE**.

**AND IT IS SO ORDERED.**

_____
Richard Mark Gergel
United States District Judge

August 29, 2014
Charleston, South Carolina